**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **FRED WAYNE MOCKSHELL,** | **Civil Action No.  26-3504** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM & ORDER** |
| **ALEXANDER CABEZAS, et al.,** | |
| **Respondents.** | |

This matter comes before the Court on a Petition for a writ of habeas corpus pursuant to § 2241, which challenges Petitioner's prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).  For the reasons explained below, the Petition is dismissed WITHOUT PREJUDICE to Petitioner's filing of an amended petition if he wishes to assert another claim for relief.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court is required to examine a habeas petition prior to ordering an answer and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court"). Having examined the Petition, the Court finds that Petitioner is not entitled to relief under *Zadvydas* and will dismiss the Petition without prejudice with leave to amend.

According to the Petition, Petitioner is a citizen and national of Ghana who entered the United States on a business visa on October 16, 2024, and has been held in immigration detention since January 21, 2025.  ECF No. 1, Petition at ¶¶ 1, 15.  As relevant here, Petitioner alleges that he "requested a bond hearing before an Immigration Judge. The request was denied on the stated ground that Petitioner posed a flight risk due to pending criminal charges." *Id.* at ¶

24. Petitioner was ordered removed on December 15, 2025, and he filed an appeal to the Board of Immigration Appeals on January 13, 2026, but no briefing schedule has been set. *Id.* at ¶¶ 19-20.

Petitioner alleges that he is detained under 8 U.S.C. § 1231, the post-final-order statute, and that his detention is "well in excess of the six-month period that the Supreme Court has recognized as the presumptive outer limit for reasonably necessary post-order detention." *Id.* at ¶ 2 (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In *Zadvydas v. Davis*, 533 U.S. at 701, the United States Supreme Court held that the INA's post-removal-period detention provision contains an implicit reasonableness limitation of six months, after which a noncitizen may not continue to be detained if "there is no significant likelihood of removal in the reasonably foreseeable future."

Here however, Petitioner is still detained under 8 U.S.C. § 1226, which applies to noncitizens who do not have final orders of removal. That provision provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." § 1226(a).[1] "Section 1231, by contrast, authorizes detention 'when an alien is ordered removed' and enters the 'removal period,' which begins on '[t]he date the order of removal becomes administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) (citing §§ 1231(a)(1)(A)–(B), (2)). A removal order becomes administratively final once "the BIA has reviewed the order (or the time for seeking the BIA's review has expired)." *Johnson*, 594 U.S. at 534–35. Because it appears that Petitioner's appeal is still pending before the BIA, his removal order is not administratively final, and he is still subject to detention under 8 U.S.C. § 1226. Because Petitioner is not detained under § 1231, the six-month presumption in

---

[1] It is not clear whether Petitioner is subject to mandatory detention under §1226(c).

*Zadvydas* is inapplicable.  The Court will dismiss the Petition without prejudice on that basis and lift the stay of transfer entered at ECF No. 4.  Within 30 days, Petitioner may file an amended petition if he has another basis for relief.

**THEREFORE**, it is on this 1st day of  May 2026,

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that it is subject to dismissal at screening; and it is further

**ORDERED** that the Petition is dismissed WITHOUT PREJUDICE for the reasons stated in this Memorandum & Order; and it is further

**ORDERED** that the stay of transfer entered at ECF No. 4 is hereby VACATED; and it is further

**ORDERED** that Petitioner may file an Amended Petition within 30 days if he wishes to raise another claim for relief; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case accordingly.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**